O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| WILLIAM GERALD BARNETT, SR. and DIANA T. BARNETT,<br><br>  Plaintiffs,<br><br> v.<br><br>FCA US LLC; H.W. HUNTER, INC.; and DOES 1 through 10, inclusive,<br><br>  Defendants. | Case № 2:20-cv-03180-ODW (ASx)<br><br>**ORDER REMANDING ACTION** |

## I.  INTRODUCTION

Plaintiffs William Gerald Barnett, Sr. and Diana T. Barnett ("Plaintiffs") initiated this action in the Superior Court of California, County of Los Angeles. (Notice of Removal ("Notice") ¶ 2, ECF No. 1; Decl. of Jennifer C. Koo, Ex. A ("Compl."), ECF No. 1-2.)  Defendant FCA US LLC ("FCA") removed the matter based on alleged diversity jurisdiction.  (*See* Notice at 3, 7.)  After reviewing Plaintiffs' Complaint, FCA's Notice of Removal, and the parties' Responses to the Court's Order to Show Cause, the Court finds that it lacks subject matter jurisdiction and consequently **REMANDS** this action.[1]

---

[1] The Court deems the matter appropriate for *sua sponte* decision. *United Inv'rs Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004).

## II. BACKGROUND

This is a Song-Beverly Consumer Warranty Act ("Song-Beverly") action concerning Plaintiffs' 2017 Chrysler Pacifica, VIN 2C4RC1DG6HR653977 (the "Vehicle"). (Compl. ¶ 8; Notice ¶ 16.) Plaintiffs allege the Vehicle "contained or developed defects," including with the Powertrain Control Module and a "Transmission Defect." (Compl. ¶¶ 10, 13.) On February 27, 2020, Plaintiffs filed this action in the Superior Court of California, County of Los Angeles, Case No. 20STCV08077. (*See* Compl.) Plaintiffs assert various causes of action against FCA under Song-Beverly and for fraud by omission. (Compl. ¶¶ 26–57.) They also assert claims against Defendant H.W. Hunter ("Hunter") for breach of the implied warranty of merchantability and negligent repair. (Compl. ¶¶ 45–49, 58–62.)

FCA removed the action based on alleged diversity jurisdiction. (*See* Notice at 3, 7.) Plaintiffs appear to be California citizens. (*See* Compl. ¶ 2; Notice ¶ 27.) FCA is a limited liability company organized under Delaware law with its principal place of business in Michigan. (Compl. ¶ 4; Notice ¶ 28.) The membership-tree of FCA's limited liability company includes companies with citizenship in the Netherlands and the United Kingdom. (*See* Notice ¶ 28.) Hunter is a California entity[2]. (Compl. ¶ 5; Notice ¶ 30.) Accordingly, the Court ordered the parties to show cause why the action should not be remanded for lack of diversity jurisdiction as it appears Hunter is not diverse from Plaintiffs. (Min. Order, ECF No. 18.) The Court has received and reviewed Plaintiffs' and FCA's responses. (*See* Pls.' Resp., ECF No. 22; FCA Resp., ECF No. 24.)

## III. LEGAL STANDARD

Federal courts have subject matter jurisdiction only as authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *see also Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court only if the federal court would have had original jurisdiction

---

[2] The parties offer no information as to what specific kind of legal entity Hunter is.

over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000. *Id.* §§ 1331, 1332(a). The removal statute is strictly construed against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Id.* Federal courts have a duty to examine their subject matter jurisdiction regardless of whether the parties raise the issue. *United Inv'rs Life Ins. Co.*, 360 F.3d at 966. The court must remand the action "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

## IV. DISCUSSION

FCA invokes diversity as the basis of the Court's subject matter jurisdiction. (*See* Notice at 3, 7.) The Supreme Court "ha[s] consistently interpreted § 1332 as requiring complete diversity: In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). Here, Plaintiffs allege that they are California citizens and that Hunter is a California business entity. (Compl. ¶¶ 2, 5.) FCA agrees. (Notice ¶¶ 27, 30; FCA Resp. 2–3.) Thus, complete diversity is destroyed. However, FCA argues that the Court should disregard Hunter's citizenship because Hunter was fraudulently joined. (Notice ¶¶ 30–32; FCA Resp. 6–7.) The Court disagrees.

"An exception to the requirement of complete diversity exists where it appears that a plaintiff has fraudulently joined a 'sham' non-diverse defendant." *Sanchez v. Lane Bryant, Inc.*, 123 F. Supp. 3d 1238, 1241 (C.D. Cal. 2015). If a plaintiff obviously fails to state a cause of action against a resident defendant according to the settled rules of the state, "the joinder of the resident defendant is fraudulent."

*Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (quoting *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)); *see also Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1158 (C.D. Cal. 2009) ("[A] non-diverse defendant is deemed a sham defendant if . . . the plaintiff could not possibly recover against the party whose joinder is questioned."). There is a general presumption against fraudulent joinder and thus "[f]raudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials*, 494 F.3d at 1206.

The standard for establishing fraudulent joinder is more exacting than for dismissal for failure to state a claim. *See Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 549–50 (9th Cir. 2018). If there is any "*possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Id.* at 549 (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009)). Courts should decline to find fraudulent joinder where "a defendant raises a defense that requires a searching inquiry into the merits of the plaintiff's case, even if that defense, if successful, would prove fatal." *Id.* at 549–50.

FCA fails to show that there is no possibility Hunter can be liable on Plaintiffs' claims. Plaintiffs assert two claims against Hunter, breach of implied warranty of merchantability and negligent repair. (Compl. ¶¶ 45–49, 58–62.) As to the negligent repair claim, the "elements of negligence are duty, breach, causation, and damages." *Sabicer v. Ford Motor Co.*, 362 F. Supp. 3d 837, 840 (C.D. Cal. 2019) (citing *Burgess v. Superior Court*, 2 Cal. 4th 1064, 1072 (1992)). Plaintiffs allege that they delivered the Vehicle to Hunter for repairs; Hunter owed them a duty to use ordinary care and skill in the storage, preparation, and repair of the Vehicle; Hunter breached its duty by failing to properly store, prepare, and repair the Vehicle in accordance with industry standards; and this breach caused Plaintiffs' to suffer damages. (Compl. ¶¶ 58–62.) Although FCA argues the allegations against Hunter are thin, any potential deficiency could easily be cured by granting Plaintiffs leave to amend. *See Grancare*, 889 F.3d

at 549; *Revay v. Home Depot U.S.A., Inc.*, No. 2:14-CV-03391-RSWL (ASx), 2015 WL 1285287, at *3 (C.D. Cal. Mar. 19, 2015) (emphasis added) (quoting *Hunter*, 582 F.3d at 1044) ("If there is 'any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint,' *or in a future amended complaint*, 'the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary.'").

FCA also fails to show the economic loss rule precludes Plaintiffs' negligent repair claim. (*See* FCA Resp. 8–9.) Plaintiffs allege defects to various components, including the fuel pressure sensor, powertrain control module, and transmission, and that Hunter failed to "properly store, prepare and repair" the Vehicle, which caused them damages. (Compl. ¶¶ 10, 13, 61–62.) "The economic loss rule would not necessarily bar recovery in tort for damage that these subcomponents cause to the engine as a whole or for damage that the engine caused to the Vehicle in which it has been incorporated." *Lopez v. Ford Motor Co.*, No. CV 19-4779-GW (FFMx), 2019 WL 5444391, at *2 (C.D. Cal. July 18, 2019) (internal quotation marks omitted) (citing *Sabicer v. Ford Motor Co.*, 362 F. Supp. 3d 837, 841 (C.D. Cal. 2019)). Notably, FCA studiously ignores the "growing body of case law recognizing that local dealerships can be liable to plaintiffs who assert negligent repair claims." *See Valenciano v. FCA US LLC*, No. CV 20-03197-CJC (ASx), 2020 WL 1699552, at *3 (C.D. Cal. Apr. 8, 2020) (collecting cases).

FCA has not met its burden to establish by clear and convincing evidence that joinder of Hunter was fraudulent. Accordingly, the Court cannot disregard its citizenship and the parties are not completely diverse. The action was improperly removed and must therefore be remanded to the Los Angeles County Superior Court. *See* 28 U.S.C. § 1447(c).

## V. CONCLUSION

For the reasons discussed above, the Court **REMANDS** the action to the Superior Court of the State of California, County of Los Angeles, Stanley Mosk

Courthouse, 111 North Hill Street, Los Angeles, CA 90012, Case No. 20STCV08077. The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

May 18, 2020

                                          **OTIS D. WRIGHT, II**
                                    **UNITED STATES DISTRICT JUDGE**